

FILED
Jeffrey A. Apperson, Clerk
MAR 3 0 2007
U. S. DISTRICT COURT
WEST'N DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 06-59-C**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**

**V.**                    **COURT'S INSTRUCTIONS TO THE JURY**

**JAY H. BRODER,**                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## INSTRUCTION NO. 1

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment.  The Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in Court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that

you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in Court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**INSTRUCTION NO. 5**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, and it does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 6**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you took notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

**INSTRUCTION NO. 7**

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)    Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)    Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)    Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)    Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 9

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

**INSTRUCTION NO. 10**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

**INSTRUCTION NO. 11**

The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

**INSTRUCTION NO. 12**

Statute Defining Offense - 18 U.S.C. § 371

Section 371 of Title 18 of the United States Code provides, in part, that:

If two or more persons conspire to defraud the United States, or any agency thereof, and one or more of such persons do any act to effect the object of the conspiracy then an offense against the United States has been committed.

# INSTRUCTION NO. 13

### Essential Elements of Offense - 18 U.S.C. § 371

In order to sustain its burden of proof for the crime of conspiracy to defraud the United States as charged in Count 1 of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

First: The conspiracy, agreement, or understanding to defraud the United States, as described in the Indictment, was formed, reached, or entered into by two or more persons;

Second: At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in Count 1 of the Indictment in order to further or advance the purpose of the agreement; and

Third: At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding.

**INSTRUCTION NO. 14**

Conspiracy – Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would defraud the United States by means of some

common plan or course of action as alleged in Count 1 of the Indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant.

### INSTRUCTION NO. 15

Before the jury may find the defendant became a member of the conspiracy charged in Count 1 of the Indictment, the evidence must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and that he deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to defraud the United States by impeding and impairing the IRS in its lawful responsibility of accessing and collecting  proper federal income taxes due and owing from a taxpayer, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding the defendant's membership in the conspiracy.

Merely associating with others and discussing common goals, or merely being present at the place where a crimes takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

## INSTRUCTION NO. 16

"Overt Act" - Defined
Success of Conspiracy Immaterial

In order to sustain its burden of proof on Count 1 of the Indictment, the government must prove beyond a reasonable doubt that one of the members of the conspiracy or parties to the agreement knowingly performed at least one overt act and that this overt act was performed during the existence of the life of the conspiracy and was done to somehow further the goal of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to the agreement or one of the members of the conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

The government is not required to prove that the parties to the agreement or members of the conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

## INSTRUCTION NO. 17

### Overt Act During Period of Conspiracy

The government must also establish beyond reasonable doubt that at least one of the overt acts as alleged in the indictment occurred while the conspiracy was still in existence.

**INSTRUCTION NO. 18**

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371 makes it unlawful to engage in a conspiracy for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue.  To show that a conspiracy had the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue the government need only establish the filing of a false income tax return, if it also be shown that the filing of the false tax return was done for the purpose of impeding the law functions of the Internal Revenue Service.

## INSTRUCTION NO. 19

### Subscribing to a Materially False Tax Return

The defendant, Jay Broder, is charged in Counts 2 and 3 of the Indictment with filing false tax returns for calendar year 1999, in violation of Title 26, United States Code, Section 7206(1).

To establish a section 7206(1) offense, the government must prove the following elements beyond a reasonable doubt:

1. The defendant made and subscribed a return which was false as to a material matter;

2. The return contained a written declaration that it was made under penalties of perjury;

3. The defendant did not believe the return to be true and correct as to every material matter;

4. The defendant falsely subscribed to the return willfully, and with specific intent to violate the law.  "Willfulness" means a "voluntary, intentional violation of a known legal duty."

**INSTRUCTION NO. 20**

Subscribing to a Materially False Tax Return

The gist of the allegations charged in Counts 2 and 3 of the Indictment is that the defendant, Jay Broder, willfully made and subscribed to federal income tax returns, i.e., a U.S. Partnership Return of Income form 1065 for 1999 is the subject of Count 2, and a form 1040 for 1999 is the subject of Count 3, each of which contained a written declaration made under penalty of perjury, and which the defendant, Jay Broder, did not believe to be true and correct as to every material respect.

To prove a violation of Title 26, United states Code, Section 7206(1) the government must establish each of the following four elements beyond a reasonable doubt;

　　　　1. The defendant made, or caused to be made, and signed an income tax return for the year in question that was false as to a material matter.

　　　　2. The return contained a written declaration that it was made under penalty of perjury.

　　　　3. The defendant did not believe the return to be true and correct as to the material matter charged in the Indictment. That is, as to Count 2, the it contained an understatement of adjusted gross income.

　　　　4. The defendant acted willfully and knowingly.

The jury is further instructed that Count 3 of the Indictment alleges that the

defendant received substantial other income in addition to the total income reported on his 1998 return.  It is not necessary for the government to prove the exact amount of additional income.

**INSTRUCTION NO. 21**

The word "subscribe" simply means the signing of one's name to a document.

The fact that an individual's name is signed to a return shall be prima facie evidence for all purposes that the return was actually signed by him or her, which is to say that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.  If you find proof beyond a reasonable doubt that the defendant signed his/her tax return, that is evidence from which you may, but are not required to, find or infer that the defendant had knowledge of the contents of the return.

## INSTRUCTION NO. 22

It is not necessary that the government be deprived of any tax by reason of the filing of a false tax return, or that it even be shown that additional tax is due to the government, only that the defendant willfully filed a false return.

A declaration is false if it was untrue when made and was then known to be untrue by the person making it.

**INSTRUCTION NO. 23**

To find the defendant guilty of violating Section 7206(1), you must not only find that he did the acts of which he stands charged, but you must also find that the acts were done willfully.

The word "willfully," as used in the statute, means voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing certain things. With the knowledge of definite acts, we may draw definite logical conclusions.

**INSTRUCTION NO. 24**

Certain exhibits variously referred to as schedules or summaries have been admitted into evidence.  Strictly speaking, these exhibits are not actual evidence, but are admitted as summaries of other evidence in the case and are admitted only for your assistance and convenience in considering other evidence which they purport to summarize.

In other words, the summaries are used only as a matter of convenience. These summaries have no independent value, and you should consider them only insofar as you have concluded that they accurately reflect the documents and testimony introduced into evidence.  If you find that the summaries do not accurately reflect the evidence in this case, you should disregard them entirely.

**INSTRUCTION NO. 25**

The test of materiality with respect to a false tax return case is whether a particular item or group of items must be on the return in order for the taxpayer to correctly compute his tax obligation.  Material matters are those matters essential to accurate computation of taxes.

**INSTRUCTION NO. 26**

Inferring the Required Mental State


Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

**INSTRUCTION NO. 27**

Deliberate Ignorance

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that monies expended for the Loss of Income insurance policy and interest payments on notes associated with the policy were not properly deductible as business expenses then you will find that he knew that monies expended for the Loss of Income insurance policy and interest payments on notes associated with the policy were not properly deductible as business expenses.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that  monies expended for the Loss of Income insurance policy and interest payments on notes associated with the policy were not properly deductible as business expenses, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

**INSTRUCTION NO. 28**

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened on or about dates from 2000 to 2004.  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

**INSTRUCTION NO. 29**

That concludes the part of my instructions explaining the elements of the crimes.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 30**

A defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

**INSTRUCTION NO. 31**

You have heard the testimony of Bruce Cohen.  You have also heard that before this trial he was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

**INSTRUCTION NO. 31-A**

Character and Reputation of Defendant

You have heard testimony about the defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

## INSTRUCTION NO. 32

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in Court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

**INSTRUCTION NO. 33**

Remember that you must make your decision based only on the evidence that you saw and heard here in Court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in Court.

## INSTRUCTION NO. 34

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**INSTRUCTION NO. 35**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 36**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

### INSTRUCTION NO. 37

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 38**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CRIMINAL ACTION NO. 06-33-JBC**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**

**V.**                                    **V E R D I C T**

**JAY H. BRODER,**                                    **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***
We, the Jury, find the defendant, Jay H. Broder, as to:

COUNT 1:

_____ GUILTY                    _____ NOT GUILTY

COUNT 2:

_____ GUILTY                    _____ NOT GUILTY

COUNT 3:

_____ GUILTY                    _____ NOT GUILT

_____
FOREPERSON

_____
DATE